1  MKP LAW GROUP
2  468 N. Camden Dr., Ste. 200
   Beverly Hills, CA 90210
3  Phone: (310) 285-5353
4  Jordan W. Peagler, Esq. (SBN 300026)
   jpeagler@mkplawgroup.com
5  *Attorneys for Plaintiff*

6

7                    **UNITED STATES DISTRICT COURT**

8                    **SOUTHERN DISTRICT OF CALIFORNIA**

9

10

11  **ANGELO LIMA**, an individual;          Case NO. 3:19-CV-02160-AJB-BLM

12          Plaintiffs,                      **RESPONSE TO DEFENDANTS'
                                             MOTION TO QUASH SERVICE OF
13  vs.                                      PROCESS AND SET ASIDE
                                             DEFAULT UNDER FED. R. CIV.
14                                           PRO. 12(b)(5) FOR INSUFFICIENT
    **SKYLINE ZIPLINES, LTD.**, a Canadian  SERVICE OF PROCESS
15  Business entity form unknown; **KEVIN**
16  **SMITH**, an individual; **DOES I-X; ABC**  Date: June 4, 2020
    **CORPORATIONS   I-X;   and   XYZ**      Time: 9:00 a.m.
17  **PARTNERSHIPS I-X**,                     Judge: Hon. Anthony J. Battaglia
                                             Courtroom: 4(A)
18
          Defendants.
19

20

21

22

23

24

25

26

27                              -i-

28
    **RESPONSE TO DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND SET ASIDE
    DEFAULT UNDER FED. R. CIV. PRO. 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS**
    Case NO. 3:19-CV-02160-AJB-BLM

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. RELEVANT FACTS ...................................................................................... 1

III. LEGAL ARGUMENT ................................................................................... 3

    A. Establishing Proof of Service of Process ............................................. 3

    B. The Hague Convention, Art. 10 ............................................................ 4

    C. Defendants Concede the Hague Convention, Art. 10, Allows Service
       by Process Server ................................................................................... 4

    D. Defendant Skyline was Properly Served by a Competent Canadian
       Process Server ........................................................................................ 5

    E. Defendant Skyline was Personally Served in Accord with the
       Requirements of Rule 4, BC Reg 168/2009 and the Canada Business
       Corporation Act, Division 1, § 9(1)(a) ................................................. 7

         1. Rule 4, Supreme Court Civil Rules, BC Reg. 168/2009 ........................ 8

         2. Canada Business Corporation Act, Division 1, § 9(1)(a) .................... 8,9

         3. Defendant Skyline was Personally Served with the
           Summons and Complaint in Canada in Accord with the
           Requirements of the Hague Convention by Delivery of the
           Records to Its Address/Place of Business in Accord with
           Rules 1-1(1) and 4-3(1), (2)(b)(iv), BC Reg. 168/2008,
           and Canada Business Corporation Act, Division 1, § 9(1)(a) ............... 9

    F. Defendants Present No Authority Allowing Skyline to be Excused
       from Proper Service Merely Because Its Owner Ignored the
       Summons and Complaint, Nor can They as No Such Legal
       "Excuse" is Recognized ........................................................................ 11

    G. Plaintiff was Under No Legal Duty to "Contact" Defendants to
       "Warn" Them He Intended to Seek an Entry of Default ...................... 12

IV. CONCLUSION ........................................................................................... 13

**RESPONSE TO DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND SET ASIDE
DEFAULT UNDER FED. R. CIV. PRO. 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS**
Case NO. 3:19-CV-02160-AJB-BLM

1

## TABLE OF AUTHORITIES

2

**Cases**                                                                                    **Page**

3

*Beijing Abace Biotechnology Co. v. ADV Biolabs, Inc.*, 2019 U.S. Dist. LEXIS

4

206544 (C.D. Cal. Apr. 8, 2019) ...................................................................... 3

5

*Dimensional Communs. v. Oz Optics*, 218 F. Supp. 2d 653 (D.N.J. 2002) .................. 5, 6

6

*FTC v. 1492828 Ontario, Inc.*, 2003 U.S. Dist. LEXIS 7767

(N.D. Ill. May 7, 2003) .................................................................................. 5

7

*Hinrichsen v. Quality Loan Service Corp.*, 2017 U.S. Dist. LEXIS 212222

8

(S.D. Cal. 2017) ............................................................................................ 3

9

*J & J Sports Prods. v. Torres*, 2011 U.S. Dist. LEXIS 48155

(E.D. Cal. Apr. 22, 2011) ............................................................................ 3, 4

10

*S.E.C. v. Internet Solutions for Bus., Inc.* 509 F.3d 1161 (9th Cir. 2007) ...................... 3

11

*Sikhs for Justice v. Badal*, 736 F.3d 743 (7th Cir. 2013) ........................................ 3

12

*Tatung Company, Ltd. v. Shu Tze Hsu*, 2016 U.S. Dist. LEXIS 187022

13

(C.D. Cal. 2016) ............................................................................................ 3

14

*United States v. Islip*,18 F. Supp. 2d 1047 (1998) .................................................. 6

15

16

**Rules of Court**

Rule 4(c)(2), Fed. R. Civ. P. ............................................................................ 6

17

Rule 4(f), Fed. R. Civ. P. ................................................................................ 1

18

Rule 4(h), Fed. R. Civ. P. ........................................................................ 6, 9, 13

19

Rule 12(b)(5), Fed. R. Civ. P. .......................................................................... 2

20

Rule 55, Fed. R. Civ. P. ................................................................................ 13

21

22

**Canadian/International Law**

23

  **Cases**

24

*Delaire v. Delaire* [1996] 147 Sask.R. 161............................................................ 6

25

///

26

///

27

28

**Rules of Court**

Rule 1-1(1), BC Reg. 168/2009 ................................................................................. 8

Rule 4, Supreme Court Civil Rules, BC Reg. 168/2009 .......................................... 1, 7, 8

Rule 4-3, Supreme Court Civil Rules, BC Reg. 168/2009 ........................................ 8

4-3(1), Supreme Court Civil Rules, BC Reg. 168/2009 ............................................ 8, 13

4-3(2)(b)(iv), Supreme Court Civil Rules, BC Reg. 168/2009 ........................................ 13

**Other**

Canada Business Corporation Act, Division 1, § 9 ...................................................... 1, 7

Canada Business Corporation Act, Division 1, § 9(1)(a) ...................................... 9, 10, 13

Canada Business Corporation Act, Division 1, § 9(1)(c) ........................................ 10

Canadian Conflict of Laws, 2nd Ed (Toronto, Butterworths 1986) .............................. 6

Hague Convention, Art. 10 ....................................................................................... 4

Hague Convention, Art. 10(b) .................................................................................. 6

RESPONSE TO DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND SET ASIDE
DEFAULT UNDER FED. R. CIV. PRO. 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS
Case NO. 3:19-CV-02160-AJB-BLM

# I. INTRODUCTION

Plaintiff Angelo Lima ("Plaintiff"), admits that despite hiring a process server and specifically requesting service of process upon Defendants Skyline Ziplines, LTD. ("Skyline") and Kevin Smith (collectively "Defendants") in accord with the requirements of the Hague Convention, upon further investigation and evaluation, individual Defendant Kevin Smith[1] was not personally served on January 10, 2020. Defendant Skyline, however, was properly served in accord with the requirements of the Hague Convention, the Canada Business Corporation Act, Division 1, § 9, Rule 4, Supreme Court Civil Rules, BC Reg. 168/2009, and Rules 4(f) and (h), Fed. R. Civ. P. And, therefore, has been properly served in this matter.

Accordingly, the Court should deny Defendants' Motion to Quash Service of Process and Set Aside Default ("Motion to Quash" or "Motion") as it applies to Defendant Skyline and uphold the valid entry of default judgment against Skyline.

# II. RELEVANT FACTS

Defendant Skyline was personally served with process in this matter on January 10, 2020, by a process server duly authorized to serve process in Canada. *See* May 12, 2020, Declaration of Process Server Michael Lynd in Support of Plaintiff's Response to Defendants' Motion to Quash Service of Process and Set Aside Default Under Fed. R.

---

[1] Defendants' Motion does not seek to dismiss of Plaintiff's action. Motion to Quash, *generally*. Nor can they. Out of abundance of caution, both Skyline and Mr. Smith were subsequently personally served with a copy of the Summons and Complaint in this matter on April 2, 2020.

RESPONSE TO DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND SET ASIDE
DEFAULT UNDER FED. R. CIV. PRO. 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS
Case NO. 3:19-CV-02160-AJB-BLM

Civ. Pro. 12(b)(5) for Insufficient Service of Process ("Lynd Dec."), Exhibit 1 hereto.

Specifically, the process server responsible for serving process on Defendant Skyline on January 10, 2020, Michael Lynd, was a resident of Squamish, British Columbia, Canada, familiar with both the requirements of the Hague Convention and Canadian law, including British Columbia, for service of process relating to United States litigations. Lynd Dec., ¶¶ 1, 2-4, 6-7, 11. Mr. Lynd is competent to serve process in British Columbia, Canada, and has been doing so since 2015. *Id.*, ¶¶ 9-10. A routine part of Mr. Lynd's Canadian process server activities include serving process relating to United States litigation matters. *Id.*, ¶ 11.

Mr. Lynd left the Summons and Complaint at Defendant Skyline's corporate addressed in accord with the Canadian business Corporations Act, Division 1, § 9. *Id.*, ¶ 13. The Proof of Service of Summons and Complaint ("Proof of Service") prepare by Mr. Lynd specifically indicates that he is not a registered California process server. *See* Lynd Dec., ¶ 7 and Proof of Service, Exhibit A to Lynd Dec. Mr. Lynd provided the name and address of Nationwide Legal, LLC ("Nationwide"), which is located in Los Angeles, California, on the Proof of Service because he performed the service of process of Defendant Skyline in this matter as Nationwide's agent. *Id.*, ¶ 4.

### III. LEGAL ARGUMENT

#### A. Establishing Proof of Service of Process

A plaintiff may ordinarily satisfy the burden of establishing proof of service by producing the process server's return of service. *Beijing Abace Biotechnology Co. v.*

**RESPONSE TO DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND SET ASIDE DEFAULT UNDER FED. R. CIV. PRO. 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS**
Case NO. 3:19-CV-02160-AJB-BLM

*ADV Biolabs, Inc.*, 2019 U.S. Dist. LEXIS 206544 (C.D. Cal. Apr. 8, 2019) (citing *Tatung Company, Ltd. v. Shu Tze Hsu*, 2016 U.S. Dist. LEXIS 187022 (C.D. Cal. 2016); *Sikhs for Justice v. Badal*, 736 F.3d 743, 746 (7th Cir. 2013) (noting that "the rule in the federal courts is that a process server's affidavit of service is entitled to a presumption of correctness")); *J & J Sports Prods. v. Torres*, 2011 U.S. Dist. LEXIS 48155, 14 (E.D. Cal. Apr. 22, 2011) (proof of service, which is executed under penalty of perjury, is sufficient to demonstrate proper service). In addition, proof of service may properly be clarified by affidavit. *J & J Sports*, *supra*, 2011 U.S. Dist. LEXIS 48155, at 14.

A defendant challenging service can only overcome the presumption of correctness of a process servicer's return of service by "strong and convincing evidence." *S.E.C. v. Internet Solutions for Bus., Inc.* 509 F.3d 1161, 1163 (9th Cir. 2007) (we "hold that a signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." (citations omitted); *Sikhs for Justice*, *supra*, 736 F.3d at 746; *Hinrichsen v. Quality Loan Service Corp.*, 2017 U.S. Dist. LEXIS 212222 (S.D. Cal. 2017) ("In analyzing this dispute, the Court starts with the presumption that the proof of service submitted to the Court 'constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence.'") (quoting *S.E.C.*, 509 F.3d at 1166); *J & J Sports*, *supra*, 2011 U.S. Dist. LEXIS 48155, at 14 (once a plaintiff has established proof of service, with or without a clarifying affidavit, a defendant must present "strong and convincing

–3–

evidence" to the contrary).

   **B. The Hague Convention, Art. 10**

   Defendants' Motion misstates/overstates the requirement that service of process under the Hague Convention must be by "judicial officer."   Article 10 of the Hague Convention is much broader, providing that:

> Provided the State of destination does not object, the present Convention shall not interfere with –
>
> …b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials **or other competent persons** of the State of destination.

Art. 10, Hague Convention (emphasis added).   The term "competent person" is not defined by the Hague Convention. *Id.*

   **C. Defendants Concede the Hague Convention, Art. 10, Allows Service by Process Server**

   Although Defendants' Motion to Quash argues that a Canadian Judicial Officer must have served Defendants with service, Defendants expressly concede that Plaintiff "may use a process server to serve judicial documents." Motion to Quash, at 6.   They further acknowledge that service by process server pursuant to Art. 10 of the Hague Convention is one of several methods of service upon individuals and corporations in Canada. *Id.*, at 5.

///

///

///

–4–

**D. Defendant Skyline was Properly Served by a Competent Canadian Process Server**

Defendant Skyline's Motion to Quash assumes, without investigation or inquiry, that process server Michael Lynd was not a registered process server in Canada. Motion to Quash, at 6-7.

No authority is provided by Defendants that unequivocally requires a person attempting service of process in Canada to be a Canadian citizen or otherwise be licensed to serve process in Canada. *Id.*, *generally*. As noted above, in § I(B), the Hague Convention does not define who is a competent person. This fact, however, is not Defendants' only fatal flaw.

*Dimensional Communs. v. Oz Optics*, 218 F. Supp. 2d 653, 659 (D.N.J. 2002), explains that "[n]o court holds service under Article 10(b) by a process server invalid in Canada." In fact, not only does Canadian law not proscribe private persons from effecting service of process (*FTC v. 1492828 Ontario, Inc.*, 2003 U.S. Dist. LEXIS 7767, 4 (N.D. Ill. May 7, 2003)), personal service is the preferred method of service of process in Canada:

> Throughout Canada, personal service is the preferred method of service. *See Delaire v. Delaire* [1996] 147 Sask.R. 161, at P 46, quoting J.G. Castel in Canadian Conflict of Laws, 2nd Ed (Toronto, Butterworths 1986) ('In all the common law provinces and territories, personal service of process is the foundation of jurisdiction in actions in personam.')

*United States v. Islip*, 18 F. Supp. 2d 1047, 1057 (1998); *see also*, *Dimensional Communs*, *supra*, 218 F. Supp. 2d at 569 (Canada's accession to the Hague Convention

–5–

expressly refers to service under Article 10(b) by 'huissiers' or, as the term is defined, process servers.").

Under the federal rules of civil procedure, a process server is deemed competent to effect service of process. *Dimensional Communs.*, *supra*, 218 F. Supp. 2d at 659 (citing Rule 4(c)(2), Fed. R. Civ. P.).   When service of process is made by a competent process server in Canada pursuant to Art. 10 of the Hague Convention, service is valid under Rule 4(h), Fed. R. Civ. P.  *Id.*, *Dimensional Communs.*, *supra*, 218 F. Supp. 2d at 659.

Defendant incorrectly interpreted the Proof of Service. Although Defendants' Motion to Quash points out that process server Lynd was the agent of Nationwide in Los Angeles, California (Motion, at 6), the Proof of Service makes clear that Mr. Lynd is *not* a registered California process server. Lynd Dec., Exhibit A. The Proof of Service merely provides the name of the United States company who retained his services in Canada for purposes of serving Defendants, including specifically Defendant Skyline, with service of process in this matter. Lynd Dec., ¶¶ 10-11, 14.

In Canada, a process server is not required to have any specific credentials or certifications.  Lynd Dec., ¶ 7, Exhibit 1.  All that is required is that the person serving process be above the age of 18 and have no criminal history.  *Id.*, ¶ 8.  Mr. Lynd is not only competent to serve process in Canada, including British Columbia, he has been doing so since 2015. *Id.*, ¶¶ 9-10.  A routine part of Mr. Lynd's service of process efforts

–6–

involves serving process relating to United States litigation matters. *Id.*, ¶ 11.

To the extent Proof of Service, by itself, is not sufficient to establish proof of service upon Defendant Skyline in this matter, any issue regarding whether process server, Michael Lynd, was competent to serve service of process upon Defendant Skyline in this matter in British Columbia has been resolve by Mr. Lynd's Dec.. Defendants have failed to provide strong and convincing evidence overcoming the presumption of correctness of Plaintiff's Proof of Service upon Defendant Skyline in this matter.

**E.   Defendant Skyline was Personally Served in Accord with the Requirements of Rule 4, BC Reg 168/2009 and the Canada Business Corporation Act, Division 1, § 9(1)(a)**

Two rules govern service of process on Defendant Skyline:  1) Rule 4, Supreme Court Civil Rules, BC Reg. 168/2009; and, the Canada Business Corporation Act, Division 1, § 9. Both controlling rules were complied with in serving Defendant Skyline with notice of the Summons and Complaint in this matter.

Accordingly, the Court should deny Defendant Skyline's Motion to Quash and uphold the entry of default judgment against Skyline.

**1.   Rule 4, Supreme Court Civil Rules, BC Reg. 168/2009**

Rule 1-1(1), Supreme Court Civil Rules, BC Reg. 168/2009, provides, in relevant part, that:

"serve", in relation to a document, means

–7–

...(b) if the document is one referred to in Rule 4-3 (1),
serve by personal service in accordance with Rule 4-3
(2);..

Rule 4-3, Supreme Court Civil Rules, BC Reg. 168/2009, provides, in relevant part, that:

(1) Unless the court otherwise orders or these Supreme Court Civil Rules
otherwise provide, the following documents must be served by personal
service in accordance with subrule (2):

(a) a notice of civil claim;

...(2) Unless the court otherwise orders, personal service of a document is
to be effected as follows:

...(b) on a corporation,

(i) by leaving a copy of the document with the president, chair,
mayor or other chief officer of the corporation,

(ii) by leaving a copy of the document with the city clerk or
municipal clerk,

(iii) by leaving a copy of the document with the manager, cashier,
superintendent, treasurer, secretary, clerk or agent of the corporation
or of any branch or agency of the corporation in British Columbia,
**or**

(iv) **in the manner provided by the Business Corporations Act or
any enactment relating to the service of court documents**,

(emphasis added).

## 2. Canada Business Corporation Act, Division 1, § 9(1)(a)

The Canada Business Corporation Act, Division 1, § 9, addresses "service of
records in legal proceedings". Specifically, § 9(1)(a) addresses "service of records in
legal proceedings", providing:

(1) Without limiting any other enactment, a record may be served on
a company

–8–

(a) unless the company's registered office has been eliminated under section 40, **by delivering the record to the delivery address**, **or** by mailing it by registered mail to the mailing address, shown for the registered office of the company in the corporate register,

(b) if the company's registered office has been eliminated under section 40, in the manner ordered by the court under section 40 (4) (b), **or**

(c) in any case, by serving any director, senior officer, liquidator or receiver manager of the company.

(emphasis added).

**3. Defendant Skyline was Personally Served with the Summons and Complaint in Canada in Accord with the Requirements of the Hague Convention by Delivery of the Records to Its Address/Place of Business in Accord with Rules 1-1(1) and 4-3(1), (2)(b)(iv), BC Reg. 168/2008, and Canada Business Corporation Act, Division 1, § 9(1)(a)**

As acknowledged by Defendants, the Hague Convention authorizes service of process by process server. And, Mr. Lynd has clarified that he is competent to serve process in British Columbia, Canada.   Accordingly, the requirements of the Hague Convention and Rule 4(h), Fed. R. Civ. P., in serving Defendant Skyline with notice of the Summons and Complaint in this matter has been satisfied.

Defendants' Motion to Quash incorrectly asserts that personal service may be completed only by leaving a copy of the documents 'with the president, chair, mayor or other chief officer of the corporation, city clerk or municipal clerk, the manager, cashier, superintendent, treasurer, secretary, clerk, or agent of the corporation, or…mailing copies to the company's address in the corporate register or by serving any director, senior officer, liquidator or receiver manager of the company." Motion to Quash, at 7.

−9−

**RESPONSE TO DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND SET ASIDE DEFAULT UNDER FED. R. CIV. PRO. 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS**
Case NO. 3:19-CV-02160-AJB-BLM

Although Defendants admit that service is proper if made in compliance with the Business Corporations Act (Motion, at 7), their Motion ignores the clear language of § 9(1)(a) of the Business Corporations Act, which provides, in relevant part, that:

> a record may be served on a company (a)…**by delivering the record to the delivery address**

(emphasis added). Nothing more is required. *Id.*

In this case, Plaintiff caused a competent Canadian process server to personally served Defendant Skyline by leaving a copy of the Summons and Complaint at Defendant Skyline's address. Lynd Dec., ¶ 13, Exhibit 1 hereto. There is no requirement under § 9(1)(a) of the Business Corporations Act that court records be left with any specific person, employee, or agent. *Id.*

While service upon Defendant Skyline's director, senior officer, liquidator or receiver manager is one way to comply with the Business Corporation Act (§ 9(1)(c)), it is not the only manner provided by the Business Corporations Act for effecting personal service upon an entity.  Having complied with § 9(1)(a) of the Business Corporations Act by personally delivering a copy of the Summons and Complaint to Defendant Skyline's address, Plaintiff complied with Rules 1-1(1) and 4-3(1), (2)(b)(iv), BC Reg. 168/2009.

Accordingly, service was properly made on Defendant Skyline. The Court should deny Defendant's Motion to Quash and uphold the valid entry of default judgment against Skyline.

–10–

**RESPONSE TO DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND SET ASIDE DEFAULT UNDER FED. R. CIV. PRO. 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS**
**Case NO. 3:19-CV-02160-AJB-BLM**

**F.   Defendants Present No Authority Allowing Skyline to be Excused from Proper Service Merely Because Its Owner Ignored the Summons and Complaint, Nor can They as No Such Legal "Excuse" is Recognized**

Defendants put forth the excuse that Mr. Smith, Skyline's "owner" (Dec. of Kevin Smith ("Smith Dec."), at ¶ 1), did not bother to read the Summons and Complaint served upon Defendant Skyline, choosing instead to assume it related to the previously dismissed action involving what Mr. Smith refers to as "the Native American Reservation's counsel and representatives." *Id.*, ¶ 2.  Motion to Quash, at 3; Smith Dec., ¶¶ 2, 4.  Such excuse carries no legal weight and does not equate to a get out of litigation free card for Defendant Skyline.

Defendants fail to provide any legal authority excusing Defendant Skyline from this proceeding merely because its owner chose to turn a blind eye to the properly served Summons and Complaint.  Nor, can they, as no such legal authority exists.

Mr. Smith's self-serving "belief"/assumption that the duly served Summons and Complaint – that did not name the Tribe and was not part of the Tribal court case (*see* Amended Complaint) – was related to the previous Tribal action does not excuse Defendant Skyline's failure to timely file an answer, Rule 12 motion, or otherwise take appropriate and timely action in this matter.  In fact, nowhere in either the Motion to Quash or Mr. Smith's Dec. is there any discussion, much less legal authority, demonstrating that even if Defendants had been served with the Tribal action they could, without legal consequences, merely ignore the Summons and Complaint properly served

-11-

upon Defendant Skyline.

Finally, it should be pointed out that nowhere in either the Motion to Quash or Mr. Smith's Dec. is there any assertion that Defendant Skyline could not have simply read the Summons and Complaint served upon it in order to reasonably ascertain that this matter is separate from the Tribal proceeding and that Skyline had a duty to timely respond to the documents served.

Defendants' excuse for ignoring proper legal notice of the Summons and Complaint is a red herring that carries no legal weight.   The Court should deny Defendant's Motion to Quash and uphold the valid entry of default judgment against Skyline.

**G.   Plaintiff was Under No Legal Duty to "Contact" Defendants to "Warn" Them He Intended to Seek an Entry of Default**

Defendants' final argument is that "Plaintiff never contacted Defendants to warn them that Plaintiff intended to seek an entry of default." Motion to Quash, at 3.

Plaintiff was under no legal duty to contact Defendant Skyline of his intent to seek an entry of default, nor have Defendants attempted to present any such authority. *Id.*, *generally*.

What Plaintiff was required to provide Defendant Skyline was a copy of his Request for Entry of Default. Rule 55, Fed. R. Civ. P.  Mr. Smith admits that Defendants received Plaintiff's Request for Entry of Default. Smith Dec., ¶ 5.

Plaintiff's failure to go out of his way to encourage Defendant Skyline to

**RESPONSE TO DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND SET ASIDE DEFAULT UNDER FED. R. CIV. PRO. 12(b)(5) FOR INSUFFICIENT SERVICE OF PROCESS**
Case NO. 3:19-CV-02160-AJB-BLM

participate in this legal proceeding is yet another diversionary excuse that carries no legal weight. The Court should uphold the valid entry of default judgment against Skyline.

## IV. CONCLUSION

As demonstrated herein, Defendant Skyline was properly served in accord with the requirements of the Hague Convention, the Canada Business Corporation Act, Division 1, § 9(1)(a), Rule 4-3(1), (2)(b)(iv), Supreme Court Civil Rules, BC Reg. 168/2009, and Rule 4(h), Fed. R. Civ. P. Accordingly, the Court should uphold the valid entry of default judgment against Skyline and deny Defendants' Motion to Quash Service of Process and Set Aside Default as to Defendant Skyline.

DATED this 12th day of May 2020.

MKP LAW GROUP

Jordan W. Peagler, Esq.
Attorney for Plaintiff

–13–

# EXHIBIT 1

1 MKP LAW GROUP
2 468 N. Camden Dr., Ste. 200
  Beverly Hills, CA 90210
3 Phone: (310) 285-5353
4 Jordan W. Peagler, Esq. (SBN 300026)
  jpeagler@mkplawgroup.com
5 *Attorneys for Plaintiff*

6

7 **UNITED STATES DISTRICT COURT**

8 **SOUTHERN DISTRICT OF CALIFORNIA**

9

10 **ANGELO LIMA**, an individual;            **Case NO. 3:19-CV-2160-AJB-BLM**

11      Plaintiffs,                          **DECLARATION OF PROCESS
                                             SERVER MICHAEL LYND IN**
12 vs.                                       **SUPPORT OF PLAINTIFF'S
                                             RESPONSE TO DEFENDANTS**
13                                           **MOTION TO QUASH SERVICE OF**
   **SKYLINE ZIPLINES, LTD.**, a Canadian   **PROCESS AND SET ASIDE**
14 Business entity form unknown; **KEVIN**   **DEFAULT UNDER FED. R. CIV.**
   **SMITH**, an individual; **DOES I-X; ABC**  **PRO. 12(b)(5) FOR INSUFFICIENT**
15 **CORPORATIONS I-X**; and **XYZ**         **SERVICE OF PROCESS**
16 **PARTNERSHIPS I-X**,

17
        Defendants.
18

19              **DECLARATION OF MICHAEL LYND**

20      Michael Lynd hereby gives this Declaration pursuant to 28 U.S.C. § 1746 as

21
   follows:
22

23      1. I am the process server responsible for personally serving Defendant Skyline

24 Ziplines, LTD. ("Defendant Skyline") in this matter.

25      2. I have personal knowledge of the facts set out in this Declaration, unless
26
   otherwise indicated herein.
27

28      3. At all times relevant to the service of the Summons and Complaint on

                                    1

Defendant Skyline, I was over the age of 21.

4. At all times relevant to the service of the Summons and Complaint on Defendant Skyline, I was a resident of Unit #1, 39884 Government Road, Squamish, British Columbia, Canada.

5. At all times relevant to the service of the Summons and Complaint on Defendant Skyline, I was an agent of Nationwide Legal, LLC as a process server in Canada, including British Columbia.

6. I am familiar with the laws of Canada for service of process relating to litigations in the United States, including, specifically, the Hague Convention requirements.

7. Canadian law, including the laws of British Columbia, do not require a process server to have any specific credentials or certifications in order to be competent to serve process.

8. Under Canadian law, including the laws of British Columbia, the only requirements to be competent to serve process are that you be above the age of 18 years and have no criminal history.

9. I am, and was at all times relevant to the service of the Summons and Complaint on Defendant Skyline, a competent person to serve process in Canada, and specifically, British Columbia.

10. I have been serving process in Canada, including British Columbia, since 2015.

11. As part of my duties as a competent process server in Canada, I routinely serve process relating to United States litigation matters.

2

12. The Proof of Service of Summons and Complaint ("Proof of Service") I completed in this matter relating to Defendant Skyline, a true and correct copy of which is attached hereto as **Exhibit A**, is true and correct.

13. On January 10, 2020, I personally served Defendant Skyline by leaving a copy of the Summons and Complaint at Defendant Skyline's corporate address 6-1006 Lynham Road, Whistler, British Columbia, Canada, in accord with the Canadian Business Corporation Act, Division 1, § 9(1)(a).

14. The Proof of Service indicates that my address is located in Los Angeles, California because I performed this service at the behest of and as an agent for Nationwide Legal, LLC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ___ day of May 2020.


_____
Michael Lynd

3

JORDAN W. PEAGLER   SBN: 300026
MKP LAW GROUP
468 N. CAMDEN DRIVE, SUITE 200
BEVERLY HILLS, CA 90210
(310) 285-5353

## UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA
### JAMES M. CARTER AND JUDITH N. KEEP US COURTHOUSE

ANGELO LIMA, AN INDIVIDUAL

**CASE NUMBER:**
3: 19-CV-02160-AJB-BLM

v.

SKYLINE ZIPLINES, LTD., ETC., ET AL.

**PROOF OF SERVICE
SUMMONS AND COMPLAINT**
(Use separate proof of service for each person/party served)

1. At the time of service I was at least 18 years of age and not a party to this action and I served copies of the (specify documents):

   a. ☐ summons                   ☒ first amended complaint          ☐ third party complaint
      ☐ complaint                 ☐ second amended complaint          ☐ counter claim
      ☐ alias summons             ☐ third amended complaint           ☐ cross claim
      ☒ other (specify): AMENDED SUMMONS IN A CIVIL ACTION

2. Person served:

   a. ☒ Defendant (name;) SKYLINE ZIPLINES, LTD., A CANADIAN BUSINESS ENTITY FORM UNKNOWN
   b. ☒ Other (specify name and title or relationship to the party/business named):
      KALEN KNOF - PURCHASING AGENT
   c. ☒ Address where the papers were served: 6-1006 LYNHAM ROAD
      WHISTLER, BRITISH COLUMBIA CANADA

3. Manner of Service in compliance with (the appropriate box must be checked): This is Exhibit " A " referred to in the affidavit of Michael Gitterman sworn before me at Squamish BC 12 day of January 2020

   a. ☒ Federal Rules of Civil Procedure

   b. ☐ California Code of Civil Procedure                             A Commissioner for taking Affidavits within British Columbia

4. I served the person named in Item 2:

   a. ☒ By Personal Service. By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian,
      conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

      1. ☒ Papers were served on (date): 01/10/2020 at (time): 05:15 pm

   b. ☐ By Substituted Service. By leaving copies:

      1. ☐ (home) at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a
         competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

      2. ☐ (business) or a person apparently in charge of the office, or place of business, at least 18 years of age, who was informed of
         the general nature of the papers.

      3. ☐ Papers were served on (date): at (time):

      4. ☐ by mailing (by first-class mail, postage prepaid) copies to the person served in Item 2(b) at the place where the copies were
         left in Item 2(c).

      5. ☐ papers were mailed on

      6. ☐ due diligence. I made at least three (3) attempts to personally serve the defendant.

   c. ☐ Mail and acknowledgment of service. By mailing (by first-class mail or airmail, postage prepaid) copies to the person served,
      with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid
      addressed to the sender. (Attach completed Waiver of Service of summons and Complaint).

d. ☒ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h))** (C.C.P. 416.10) By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity.** (C.C.P. 415.20 only) By leaving during usual business hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies of the persons at the place where the copies were left in full compliance with C.C.P. 415.20 Substitute service upon the California Secretary of State requires a court order. (Attach a copy of the order to this Proof of Service.)

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f)

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served. (Attach signed return receipt or other evidence of actual receipt by the person served).

h. ☐ **Other** (specify code section and type of service):

5. **Service upon the United States, and its Agencies, Corporations or Officers.**

   a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

   Name of person served:

   Title of person served:

   Date and time of service: *(date):* at *(time):*

   b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. (Attach signed return receipt or other evidence of actual receipt by the person served).

   c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation (Attach signed return receipt or other evidence of actual receipt by the person served).

6. At the time of service I was at least 18 years of age and not a party to this action.

7. **Person serving** *(name, address and telephone number):*

   NATIONWIDE **MICHAEL LYND**
   **Nationwide Legal, LLC (12-234648)**
   **1609 James M. Wood Blvd., 2nd Fl**
   **Los Angeles, CA 90015**
   **(213) 249-9999**

   a. Fee for service: $ .00

   b. ☒ Not a registered California process server

   c. ☐ Exempt from registration under B&P 22350(b)

   d. ☐ Registered California process server
   Registration # :
   County:

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 17, 2020 _____ **MICHAEL LYND** _____
*Type or Print Server's Name* *(Signature)*

---

CV-1 (03/10)

**PROOF OF SERVICE - SUMMONS AND COMPLAINT**

signed before me at
Squamish, BC a
January 27, 2020

D. SHAWN JONES PAGE 2
*Barrister, Solicitor & Mediator* PID668001
P.O. Box 500, Squamish, B.C.
V8B 0A4 (604) 892-2200