UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO LIMA, an individual;<br><br>Plaintiff,<br><br>v.<br><br>SKYLINE ZIPLINES, LTD., a Canadian Business entity form unknown; KEVIN SMITH, an individual; DOES I-X; ABC CORPORATIONS I-X; and XYZ PARTNERSHIPS I-X,<br><br>Defendants. | Case No.: 3:19-CV-2160-AJB-BLM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS AND SET ASIDE THE DEFAULT**<br><br>**(Doc. No. 14)** |

Defendants Skyline Ziplines, Ltd. ("Skyline Ziplines") and Kevin Smith ("Smith") (collectively, "Defendants") move to quash service of process and set aside entry of default. (*See* Doc. No. 14.) Plaintiff Angelo Lima ("Plaintiff") filed an opposition to Defendants' motion to quash and motion to set aside default. (*See* Doc. No. 17.) Defendants filed a reply. (*See* Doc. No. 18.) Pursuant to Civil Local Rule 7.d.1, the Court finds the matter suitable for determination on the papers and without oral argument. For the reasons discussed herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants Skyline Ziplines and Smith's motion to quash service and motion to set aside default.

//

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant Skyline Ziplines is a company headquartered in Whistler, British Columbia, Canada. (Doc. No. 14 at 5.) Defendant Smith is the owner of Skyline Ziplines and is a Canadian citizen. (First Amended Complaint ("FAC"), Doc. No. 3 at 1–2.) Plaintiff is a United States citizen, residing in Riverside County, California. (Doc. No. 3 at 1.) On November 12, 2019, Plaintiff filed his original Complaint against Defendant Smith, a Canadian citizen, and Zoom Adventures, Inc. alleging strict liability and negligence for product defect. (*See* Doc. No. 1.) Plaintiff mistakenly believed Zoom Adventures, Inc. belonged to Defendant Smith. On December 11, 2019, Plaintiff amended his Complaint, replacing Zoom Adventures, Inc. with Defendant Skyline Ziplines. (*See* FAC.)

In his FAC, Plaintiff again alleges two claims for strict liability and negligence for product defect. (*See* FAC at 3–5.) Plaintiff asserts that on May 13, 2018, he was injured while ziplining with his family at the La Jolla Zip Zoom Campground in Pauma Valley, California. (*Id*. at 2–3.) Plaintiff states he sustained injuries after he collided with a metal bar and a rock at the end of the third leg of the zipline, many feet away from the designated stopping point. (*Id*.)

On January 10, 2020, Plaintiff attempted to personally serve Defendant Smith, but admits service was improper because he did not personally serve Defendant Smith at his residence. (Doc. No. 17 at 1.) Instead, Canadian process server, Michael Lynd[1] served Defendant Smith via substituted service by serving Kalen Knof, a purchasing agent at Defendant Skyline Ziplines' principal place of business. (Doc. No. 7.)

On January 10, 2020, Mr. Lynd also personally served Defendant Skyline Ziplines with a copy of Plaintiff's Amended Complaint and Summons in a Civil Action. (*Id*.) Mr. Lynd served Defendant Skyline Ziplines at its principal place of business, located at 6-1006 Lynham Road, Whistler, British Columbia, Canada. (*Id.* at 3.) The service was made

---

[1] Michael Lynd is a Canadian process server, who lives in Sqaumish, British Columbia, Canada. Mr. Lynd works for Nationwide Legal, LLC, a Los Angeles, California firm, as a process server in Canada, including British Columbia, and has been a process server since 2015. (Doc. No. 17 at 20.)

to Kalen Knof, a purchasing agent at Defendant Skyline Ziplines' warehouse. (Doc. No. 7 at 1; Doc. No. 14 at 5.) On March 9, 2020, Plaintiff filed a motion for entry of default against Defendants Skyline Ziplines and Smith. (Doc. No. 10.)

On March 10, 2020, the Clerk of Court entered default against Defendant Skyline Ziplines and Smith. (Doc. No. 11.) On April 2, 2020, Baljit Ghumman, a Canadian process server personally served Defendant Skyline Ziplines with an application for entry of default by serving Melissa Drummond, an administrator at Skyline Ziplines. (Doc. No. 12.) On April 2, 2020, Mr. Ghumman also attempted to personally serve Defendant Smith with an application for entry of default against Defendants Skyline Ziplines and Kevin Smith by serving Melissa Drummond at the Skyline Ziplines headquarters. (Doc. No. 13.)

On April 30, 2020, Defendants Skyline Ziplines and Smith moved to quash service of process and set aside the default pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (*See* Doc. No. 1, 14.) Defendants allege Plaintiff failed to properly serve Defendants in accordance with Federal Rule of Civil Procedure 4 subsections (e), (f), and (h). (Doc. No. 14.) On May 14, 2020, Plaintiff filed an opposition to Defendants Skyline Ziplines and Smith's motion to quash and motion to set aside default. (Doc. No. 17.) On April 21, 2020, Defendants Skyline Ziplines and Smith replied. (Doc. No. 18.) This order follows.

## II.  LEGAL STANDARD

**A. <u>Motion to Quash for Service of Summons</u>**

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs. Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "Objections to the validity of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements of proper service." *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d, 1400 (7th Cir. 1993). "Once service is

challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmayer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "However, 'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" *Aquawood LLC v. Wide Eyes Marketing Ltd.*, No. 11-cv-03046 SJO (AGRx), 2011 WL 13220333, at * 3 (C.D. Cal. Oct. 31, 2011) (citing *Direct Mail Specialists*, 840 F.2d at 868).

Rule 4 governs service upon a domestic or foreign corporation. *See* Fed. R. Civ. P. 4(h). A party may serve a foreign corporation "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). A party may serve a foreign individual "by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" ("Hague Convention" [2]). Fed. R. Civ. P. 4(f)(1). Under Rule 4(f)(2), "if there is no international agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice, (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Fed. R. Civ. P. 4(f)(2)(A).

"The Hague Convention allows for service by a person of the State of destination if the particular State of destination has not objected to such means of service." *Joescan Inc. v. LMI Technologies, Inc.*, No. C07-5323RJB, 2007 WL 2253319, at *1 (W.D. Wash. Aug. 2, 2007) (citing Hague Convention, art. 10). "Canada did not specifically object to the alternative means of service." *Id.* (citing Hague Convention, Canadian Accession Notification III.)  Article 10 of the Hague Convention provides detail as to how service made be effected:

---

[2] The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters "is a multinational treaty that governs service of summons on persons in signatory foreign countries." *Nuance Comm'n, Inc. v. Abby Software House*, 626 F.3d 1222, 1238 (9th Cir. 2010) (citing *Volkswagenwek Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)).

> Provided the State of destination does not object, the present Convention shall not interfere with – (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Hague Convention, Art. 10. Thus, "Plaintiffs may perfect service through a competent person of the State of destination in a manner prescribed by a Canadian court of general jurisdiction." *Id*.

### B. <u>Motion to Set Aside Entry of Default</u>

Entry of default may be set aside for good cause. *See* Fed. R. Civ. Pro. 55(c). The Court examines three factors when determining whether there is good cause: (1) whether the defendant's culpable conduct led to the default; (2) whether defendant has a meritorious defense; and (3) whether setting aside the default will prejudice the plaintiff. *See Franchise Holding II, LLC, v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). A court can deny the motion if consideration of any of the three factors weighs in favor of maintaining the default. *See Franchise Holding*, 375 F.3d at 926 (citing *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)). The defaulting party bears the burden of showing the default should be set aside. *See id.* However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). A court's discretion to set aside a default is "especially broad" where an entry of default, as opposed to a default judgment, is being set aside. *See O'Conner v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994).

### III. DISCUSSION

Defendants Skyline Ziplines and Smith seek to quash service and set aside default pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Doc. Nos. 1, 14.). Defendants argue Plaintiff failed to properly serve a foreign corporation and individual under the Hague Convention. (*Id.*) The Court will separately analyze

whether service was proper, and whether default should be set aside as to the two defendants.

### A. Defendant Skyline Ziplines, Ltd.

#### 1. Motion to Quash Service

Defendant Skyline Ziplines argues this Court should quash service because Plaintiff failed to meet the serving requirements under the Hague Convention and failed to properly serve a corporation under British Columbia law. (Doc. No. 14 at 4, 7–11.) Defendant Skyline Ziplines' argument is two-fold. First, Defendant Skyline Ziplines argues Plaintiff failed to meet the serving requirements under the Hague Convention because Plaintiff used a process server and not a judicial officer of Canada. (*Id.*) Second, Defendant Skyline Ziplines argues that even if Plaintiff had used a judicial officer to effectuate service, service of summons was defective because it did not comply with service requirements under British Columbia law.

First, addressing whether a process server may be used, "[t]he Hague Convention allows for service by a person of the State of destination if the particular State of destination has not objected to such means of service." *Joescan*, 2007 WL 2253319, at *1 (citing Hague Convention, art. 10). "Canada did not specifically object to the alternative means of service." *Id*. (citing Hague Convention, Canadian Accession Notification III.) Article 10 of the Hague Convention allows service to individuals other than judicial officers and includes "other competent persons of the State of destination." Hague Convention, Art. 10. Although the Hague Convention does not address who would be considered a "competent person," process servers are frequently used to serve summons and complaints for civil cases in Canada. Indeed, "[p]laintiffs may perfect service through a competent person of the State of destination in a manner prescribed by a Canadian court of general jurisdiction." *Joescan Inc.*, C07-5323RJB, 2007 WL 2253319, at *1. Here, contrary to Defendant Skyline Ziplines' contention, a judicial officer is not required for service of a Canadian corporation. In fact, Defendant Skyline Ziplines itself concedes that according to HCCH's Canada-Central Authority, "a party may use a process server to serve judicial documents."

(Doc. No. 14 at 9.) Thus, Defendant Skyline Ziplines' argument that Plaintiff must use a judicial officer of Canada to serve Defendants is unavailing.

Second, Defendant Skyline Ziplines argues Plaintiff failed to properly serve a corporation under British Columbia law. (Doc. No. 14 at 4, 7–11.) The British Columbia laws for service require that a complaint ("notice of civil claim") be served by personal service. *See* British Columbia Supreme Court Rule 4-3(1). Under the Supreme Court Civil Rules of British Columbia, personal service may be effected on a corporation:

> (i) by leaving a copy of the document with the president, chair, mayor or other chief officer of the corporation,
> (ii) by leaving a copy of the document with the city clerk or municipal clerk,
> (iii) by leaving a copy of the document with the manager, cashier, superintendent, treasurer, secretary, clerk or agent of the corporation or of any branch or agency of the corporation in British Columbia, or
> (iv) in the manner provided by the Business Corporations or any enactment relating to the service of court documents, . . .

B.C. Reg. 232/202. 4-3(2)(b). The British Columbia Business Corporations Act ("BCBCA") allows service to be effected by:

> [D]elivering the record to the delivery address, or by mailing it by registered mail to the mailing address, shown for the registered office of the company in the corporate register, . . . (c) in any case, by serving any director, senior officer, liquidator or receiver manager of the company.

Can. Bus. Corp. Act, Div. 1, § 9(1)(A).

Defendant Skyline Ziplines argues service was ineffective because Plaintiff served Kalen Knof, who is not a "director, senior officer, liquidator or receiving manager of the company," as defined in the Canadian Business Corporations Act. However, the Court is satisfied that service was properly effected on Defendant Skyline Ziplines. First, Plaintiff properly served Defendant Skyline Ziplines in accordance with Can. Bus. Corp. Act, Div. 1, § 9(1)(A) by "delivering the record to the delivery address." Indeed, on January 10, 2020, Canadian process server Michael Lynd, personally served Defendant Skyline Ziplines at its principal place of business, located at 6-1006 Lynham Road, Whistler,

British Columbia, Canada. (Doc. No. 7 at 3.) Because Plaintiff delivered a copy of the Amended Complaint and Summons to Defendant Skyline Ziplines' registered address, service was proper. *See Bill Graham Archives LLC v. Zeidan*, No. C-11-4916 SBA (NJV), 2012 WL 13041536, at *1 (N.D. Cal. May 18, 2012), report and recommendation adopted, No. C 11-4916 SBA, 2012 WL 13041414 (N.D. Cal. June 8, 2012) ("Personal service on a company may be accomplished in a number of ways, including by delivering a copy of the complaint to the address of registration of the company or by serving a director of the company. British Columbia Supreme Court Rule 4-3(2)(b)(iv).").

Furthermore, service was also proper under B.C. Reg. 232/202. 4-3(2)(b)(iii) because Plaintiff properly served an "agent of the corporation." Indeed, Mr. Lynd served the Amended Complaint and Summons to Kalen Knof, a "purchasing agent" at Defendant Skyline Ziplines' warehouse. (Doc. No. 7 at 1; Doc. No. 14 at 5.) Thus, overall, service upon Defendant Skyline Ziplines was proper.

In any event, to relieve any doubts, "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists*, 840 F.2d at 868. Here, the evidence demonstrates Defendant Smith, the owner of Skyline Ziplines, was aware that papers regarding a lawsuit were delivered to Skyline Ziplines' business premises. (Doc. No. 14 at 6.) However, because Defendant Smith mistakenly believed the legal documents were remnants of a prior action in Tribal court regarding the same matter which was dismissed in 2019, Defendant Smith disregarded the documents, and took no action in response. (Doc. No. 14 at 6.) As such, the Court is satisfied that Defendant Skyline Ziplines was provided sufficient notice of the Amended Complaint.

Therefore, Defendant Skyline Ziplines' motion to quash service upon Defendant Skyline Ziplines is **DENIED**.

2. **Motion to Set Aside Entry of Default**

Although the sole basis for Defendants' motion to set aside default as to Defendant Skyline Ziplines was improper service, the Court will analyze whether it would still be

appropriate to set aside default notwithstanding the Court's conclusion that service was proper. *See Erichsen v. Cty. of Orange*, No. LACV1402357JAKSSX, 2014 WL 12709423, at *3 (C.D. Cal. Sept. 17, 2014) ("The Court had jurisdiction to set aside the entries of default *sua sponte* based on its finding of good cause to do so."). "The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). Factors relevant to the "good cause" inquiry include "(1) whether [defendant] engaged in culpable conduct that led to the default; (2) whether [defendant] had a meritorious defense; or (3) whether reopening the [action] would prejudice [plaintiff]." *Franchise Holding II*, 375 F.3d at 926.

In this case, there is good cause to set aside the entry of default. Here, there is no evidence of "culpable conduct" that led to the default. Instead, it appears Defendants inadvertently disregarded the Amended Complaint and Summons because they mistakenly believed the documents to be a part of a dismissed Tribal court case. Furthermore, Defendants promptly filed a motion to quash service and set aside default once they were aware that default had been entered by the Clerk of Court. Additionally, the Court finds that setting aside the entry of default and litigating the case on the merits will not prejudice Plaintiff. To establish prejudice, there must be "greater harm than simply delaying resolution of the case. Rather, the standard is whether [plaintiff's] ability to pursue [her] claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984). The Court finds that delay is the only harm that will result from setting aside the entry of default. Furthermore, default judgments are disfavored by the courts, because of the belief that [c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (9th Cir. 1986). Thus, because good cause justifies setting aside default, Defendant Skyline Ziplines' motion to set aside default against Skyline Zipline is **GRANTED**.

B. <u>Defendant Kevin Smith</u>

Defendants argue Plaintiff failed to properly serve Defendant Smith, and thus, service should be quashed and the default should be set aside. (Doc. No. 14 at 4, 7–11.) Plaintiff concedes Defendant Kevin Smith was not properly served. (Doc. No. 17 at 1.) On January 10, 2020, Plaintiff attempted to personally serve Defendant Smith, but admits

service was ineffective because he did not personally serve Defendant Smith at his place of abode. (Doc. No. 17 at 1.) Instead, Mr. Lynd served Defendant Smith at his business, Skyline Ziplines, Ltd., located at 6-1006 Lynham Road, Whistler, British Columbia, Canada. (Doc. No. 7 at 3.) Because of this admission, Defendants' motion to squash service and set aside default as to Defendant Smith is **GRANTED**.

## IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to quash service and set aside default. While the Court finds that service was proper as to Defendant Skyline Ziplines, the Court also finds that good cause exists to set aside the default entered against Defendant Skyline Ziplines. As to Defendant Smith, because Plaintiff admitted Defendant Smith was not properly served, (Doc. Nos. 14, 17), the Court **GRANTS** Defendants' motion to quash service and set aside default as to Defendant Smith. Furthermore, the Court will allow Plaintiff **thirty days** from the date of this order to properly serve Defendant Smith with the Amended Summons and Complaint consistent with Canadian personal service rules.

**IT IS SO ORDERED.**

Dated:  December 11, 2020

Hon. Anthony J. Battaglia
United States District Judge